IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-40538 |
| | ) | |
| KEVIN LAMONT RYDER and | ) | CH. 7 |
| KATHY LYNN RYDER, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on July 18, 2007, on the United States Trustee's Motion to Dismiss for Abuse Pursuant to 11 U.S.C. §§ 707(b)(2) and 707(b)(3) (Fil. #20), and the Resistance thereto filed by Debtors (Fil. #23).  David Hepperlen appeared for Debtors, and Jerry L. Jensen appeared for the U.S. Trustee.

On March 20, 2007, Debtors filed their voluntary petition (Fil. #1) herein, together with their schedules and Form B22A, the Statement of Current Monthly Income and Means Test Calculation. Debtors' annualized Current Monthly Income is $82,163.40, and the applicable median family income for Debtors' household size of five in the State of Nebraska is $73,193.00.  Therefore, Debtors are "above-median" debtors for means test purposes and were required to complete the remainder of the form.  According to the calculations, Debtors have monthly disposable income under § 707(b)(2) of $674.58, resulting in 60-month disposable income of more than $40,000.00. Therefore, according to the means test form, the presumption of abuse under § 707(b)(2) arises.

Section 707(b)(1) provides that a court may dismiss a case of an individual debtor whose debts are primarily consumer debts "if it finds that the granting of relief would be an abuse of the provisions of this chapter."  Section 707(b)(2) outlines the "means test" to determine whether "presumption of abuse" arises.  As indicated, the presumption of abuse does arise in this case.

Debtors assert that the presumption of abuse should not arise in this case because the figures used to calculate Current Monthly Income for means test purposes included approximately $850.00 per month that Debtor Kathy Ryder received from a second job that she no longer holds.  According to Debtors, if that second job income is taken out of the calculations, Debtors would be below-median debtors and the presumption of abuse would, therefore, not arise.

11 U.S.C. § 707(b)(2)(B)(i) provides as follows:

> In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.

As indicated, the Bankruptcy Code specifically delineates two special circumstances: (1) a serious medical condition; or (2) active duty in the Armed Forces. Certainly, those two items are not an exhaustive list, but are examples of what Congress intended to constitute special circumstances. Thus, rebutting the presumption of abuse requires circumstances that are truly special. As one court stated: "Although this presumption may be rebutted, § 707(b) goes on to set this bar extremely high, placing it effectively off limits for most debtors." *In re Haar*, ___ B.R. ___, Case No. 06 31270, 2007 WL 521221, at \*1 (Bankr. N.D. Ohio Feb. 20, 2007). *See also In re Hanks*, ___ B.R. ___, Case No. 06-22777, 2007 WL 60812 (Bankr. D. Utah Jan. 9, 2007) (finding a job loss and lower income at new employment do not constitute special circumstances); *In re Sparks*, ___ B.R. ___, 2006 WL 3953348 (Bankr. E.D. Tex. Oct. 18, 2006) (comparing special circumstances to an "unanticipated development"). *See also In re Ferando*, Case No. BK06-81855 (Bankr. D. Neb. Mar. 1, 2007).

The only special circumstance raised by Debtors is that Kathy Ryder no longer has income from a second job. However, the evidence is that Ms. Ryder quit that second job voluntarily.

Since a presumption of abuse exists under 11 U.S.C. § 707(b)(2) and Debtors have failed to present any special circumstances to rebut the presumption of abuse, the U.S. Trustee's Motion to Dismiss (Fil. #20) is granted. Debtors shall have until August 15, 2007, to file a motion to convert this case to a proceeding under Chapter 13. If a motion to convert is not filed by that date, this case will be dismissed upon the filing of an affidavit by the U.S. Trustee.

IT IS SO ORDERED.

DATED:  July 20, 2007.

BY THE COURT:

 /s/ Thomas L. Saladino 
United States Bankruptcy Judge

Notice given by the Court to:
    David Hepperlen/Francis X. Skrupa
    \*Jerry L. Jensen/U.S. Trustee
    Rick D. Lange

Movant (\*) is responsible for giving notice to other parties if required by rule or statute.